IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE COULTER,

    Plaintiff,

v.

EAST STROUDSBURG UNIVERSITY,

    Defendant.

CIVIL ACTION NO. 3:10-CV-0877

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. Plaintiff has failed to establish: (1) a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the Court denies relief; (3) that even greater harm will not befall Defendant if the Court should grant relief; and (4) that granting preliminary relief will be in the public interest. *See Forum For Academic and Institutional Rights v. Rumsfield*, 390 F.3d 219, 228 (3d Cir. 2004).

Specifically, Plaintiff has not shown that she is likely to succeed on the merits. The process due to a student facing suspension is limited. *See Palmer v. Merluzzi*, 868 F.2d 90, 93 (3d Cir. 1989). For a suspension of ten-days or less all that is required is "oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). There need be no delay between the time notice is given and the hearing; the student only need know what the accusations are and be given an chance to "characterize his conduct and put it in what he deems proper context." *Id.* at 584.

The *Goss* court left open the possibility that more formal procedures might be due in

situations where a student faced a longer suspension or expulsion. *Id.* However, "a student's rights in the academic disciplinary process 'are not co-extensive with the rights of litigants at civil trial or with those of defendants in a criminal case.'" *Jarmon v. Batory*, No. Civ. A. 94-0284, 1994 WL 313063, at *8 (E.D. Pa. June 29, 1994). In the instant case, Plaintiff was given advance notice of the charges against her, was allowed to present evidence and call witnesses, was given the opportunity to question the Defendant's witness, and was allowed to have counsel present during her disciplinary hearing, although counsel was not allowed to actively participate in the hearing. It is unlikely that Plaintiff will succeed in proving that she was afforded less process than is due in an academic disciplinary hearing.

Therefore, this Court will deny the Plaintiff's Motion for a Temporary Restraining Order. A hearing will be held regarding the motion for a preliminary injunction.

NOW, this 27TH day of April, 2010, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED**.

2) A hearing shall be held regarding Plaintiff's Motion for a Preliminary Injunction on **MONDAY, MAY 3, 2010 at 1:30 PM** in Courtroom #1, **MAX ROSENN UNITED STATES COURTHOUSE, 197 SOUTH MAIN STREET, WILKES-BARRE, PENNSYLVANIA.**

3) Plaintiff counsel shall immediately cause a copy of this Order to be personally served upon Defendant.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge