# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE COULTER, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-0877 |
| v. | (JUDGE CAPUTO) |
| EAST STROUDSBURG UNIVERSITY, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction. Because the Defendant is immune from suit, this action cannot be maintained and, as a result, the motion will be denied.[1]

Count I of Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Two elements must be present in order to state a § 1983 claim: (1) the conduct complained of must have deprived the plaintiff of rights, privileges and immunities secured

---

[1] This Court notes that Plaintiff has filed an Amended Complaint naming the President of East Stroudsburg University, Robert Dillman, as a defendant. However, the instant motion was filed seeking to enjoin only the university. As such, the Court will only address issues revolving around an attempt to enjoin the university.

1

by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).

States are not "persons" within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995). Likewise, § 1981 does not abrogate Eleventh Amendment immunity for states. *Chinn v. City University of New York*, 963 F. Supp. 218, 224 n.1 (E.D.N.Y. 1997). In addition, the Eleventh Amendment provides states with immunity from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996). This immunity is jurisdictional in nature. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984). The state may waive its Eleventh Amendment immunity and consent to be sued. *See Alden v. Maine*, 527 U.S. 706, 755 (1999). Congress may also abrogate the immunity, but only if it has "unequivocally expressed its intent" to do so and has acted "pursuant to a valid exercise of power." *Seminole*, 517 U.S. at 55 (citations omitted).

The only named defendant in Plaintiff's Complaint is East Stroudsburg University. East Stroudsburg University is created by statute and is an arm of the state. 24 PA STAT ANN. § 20-2002-A. Additionally, Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 PA. CONS. STAT. ANN. § 8521(b) (2004). As such, East Stroudsburg University may not be held liable under the civil rights statute and the § 1983 claim is barred by the Eleventh Amendment.

Count II of Plaintiff's Complaint is for breach of contract. Just as Pennsylvania has not waived its immunity under the Eleventh Amendment, it has not generally waived sovereign immunity for state law claims. *See* 42 PA. CONS. STAT. ANN. § 8521(a). There are some exceptions to sovereign immunity, but the exceptions listed in 42 PA. CONS. STAT. ANN. §

2

8542 are inapplicable to the present action for breach of contract.[2] Thus, sovereign immunity bars Plaintiff's claim for breach of contract.

Finally, Count III of Plaintiff's Complaint brings a claim against John Doe Defendants. All actions taken against a John Doe defendant are *ex parte*. *See Scheetz v. Morning Call, Inc.*, 747 F. Supp. 1515, 1534 (E.D. Pa. 1990). However, Fed. R. Civ. P. 65(a)(1) requires notice to the adverse party before granting a preliminary injunction. Notice cannot, however, be given to John Doe Defendants. Therefore, a preliminary injunction cannot be granted against these Defendants.

Therefore, this Court will deny the Plaintiff's Motion for a Preliminary Injunction because she is not likely to succeed on the merits of her Complaint.

**NOW**, this __4th__ day of May, 2010, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 2) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[2] The eight exceptions to governmental immunity are:
1. Vehicle liability
2. Care, custody or control of personal property
3. Real property
4. Trees, traffic controls and street lighting
5. Utility service facilities
6. Streets
7. Sidewalks
8. Care, custody or control of animals.